GILLIAM *v.* STATE.

(In Banc. June 15, 1936.)

[169 So. 31. No. 32260.]

**Ethridge, J.,** delivered the opinion of the court.

The appellant, Henry Gilliam, was indicted, tried, and sentenced to death by the circuit court of Coahoma county for the murder of Ailene Brown, from which he appeals here.

Henry Gilliam and Ailene Brown were living in unlawful cohabitation on Mr. T. W. Turner's plantation on Moon Lake, and on Christmas Eve night, about twelve o'clock, Henry Gilliam came into the room where Ailene Brown was and stabbed her a number of times, one knife stab being in her left breast and one just above her hips. One Joe Pittman who occupied the room adjoining that in which the appellant and Ailene Brown lived, heard the difficulty, and Ailene Brown ran into Pittman's room, called for help, fell to the floor and there expired. Pittman went to the residence of Mr. Turner seeking

help, and Mr. Turner went over to the place, and there found Ailene Brown dead and sent for the officers. They examined the body, finding wounds as above stated, and they testified that Ailene Brown had on a sanitary belt. She weighed ninety or ninety-five pounds, and had no weapon on or near her person. A knife which was un-opened was found under the pillow on her bed.

The deceased was clothed in a kimono which, it was stated, she usually wore at night, with a house jacket of some kind on her shoulders.

Shortly after the killing Gilliam was arrested, and stated to the officers that he came to the house, knocked on the door, it not being open, went to the window, raised it, went in, and found Joe Pittman; that they engaged in a fight; that Ailene Brown attempted to assault appellant with a knife; and that he cut her in self-defense.

On the trial Joe Pittman testified that he was not in the room, had no relation with Ailene Brown, and never had any; that he heard the difficulty, and that Ailene Brown ran into his room calling for help; that he ran for help, and when he returned the appellant was gone.

The appellant testified, on the trial, that he came home at night about twelve o'clock, heard some one in the room, went to the window, raised it, and found one Sug Baker in the room with Ailene; that they engaged in a fight; Ailene attempted to cut appellant with a knife; and that he stabbed her in self-defense. He denied the statement as testified to by the officers. He admitted, on cross-examination, that he slept with the deceased the night before the killing, and that he knew she was menstruating and incapable of sexual intercourse on account thereof.

On the trial, Sug Baker, in rebuttal, denied being in the room, and alleged that he had never been intimate with Ailene Brown.

The case is here without any assignment of error or brief for appellant, although he was represented by an attorney in the court below.

We have examined all the evidence and instructions carefully, and find no error of law which would authorize us in reversing this case, and the evidence fully establishes the guilt of the appellant, and that he is a man reckless of consequences, devoid of pity, unmindful of social duty, and fatally bent on mischief.

The judgment of the court below will be affirmed, and Wednesday, July 22, 1936, fixed as the date for the execution of the sentence.

Affirmed.